UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ENID Y. PEREZ RIVERA,

        Plaintiff,

v.                                  Case No:   2:17-cv-492-FtM-99CM

SANTADNER CONSUMER USA,
PROFESSIONL BUREAU OF
COLLECTIONS OF MARYLAND,
INC. and NCB MANAGEMENT
SERVICES, INC.,

        Defendants.

---

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Plaintiff Enid Y. Perez Rivera's Affidavit of Indigency and Application to Proceed in District Court Without Prepaying Fees or Costs, construed as Motions to Proceed *In Forma Pauperis*.  Docs. 2, 9.[2]  The Court recommends this case be dismissed for the reasons stated herein.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of

## I.    Background

On August 29, 2017, Plaintiff filed a Complaint against Santander Consumer USA, Professional Bureau of Collections of Maryland, Inc., and NCB Management Services, Inc. (collectively, "Defendants").   Doc. 1.   As can be ascertained from the allegations in Plaintiff's Complaint, Plaintiff is a consumer who received an automobile loan on a 2013 Nissan Rouge from Santander Consumer USA ("Santander").   Doc. 1 ¶¶ 2-3.   Plaintiff alleges Santander illegally debited money from her bank account without her authorization on three occasions, which Plaintiff was "charged for" because she did not have funds available in the account.   *Id.* ¶¶ 4-7.   Plaintiff also claims Santander "facilitated unfair, high-rate auto loans," and she references an "improper repossession" of and damage to her vehicle.   *Id.* ¶¶ 8, 13-14, 16.

On May 3, 2018, the Court denied without prejudice Plaintiff's Affidavit of Indigency, construed as a Motion to Proceed *In Forma Pauperis*, and directed Plaintiff to amend her Complaint based on the directions provided in the Order by June 4, 2018.   Doc. 8.   On June 6, 2018, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs, but she did not file an Amended Complaint as directed.   Doc. 9.   On June 11, 2018, the Court entered an Order to Show Cause why Plaintiff failed to file an amended complaint, or, alternatively, to file her amended complaint on or before June 25, 2018.   Doc. 10.   Plaintiff did not respond to the Order to Show Cause.

---

the Court.

## II.    Indigency

"When considering a motion filed pursuant to [28 U.S.C.] §1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Martinez v. Kristi Kleaners, Inc.,* 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault,* 525 F.2d 886, 891 (5th Cir. 1976)).   A person need not be "absolutely destitute" or reduce himself to a public charge in order to proceed *in forma pauperis.   Id.* (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 338-40 (1948)).   Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."   *Id.*   A district court may not deny an *in forma pauperis* motion without first comparing the party's assets and liabilities to determine whether the party has satisfied the poverty requirement.   *Id.* at 1307-08.

In Plaintiff's Affidavit of Indigency, she indicated she has not been employed since 2012; she had been taking care of her bedridden grandfather full-time.   Doc. 2 at 1-2.   Plaintiff stated she did not own any real property, and she owned one vehicle with a value of $8,000 for which she owed $12,000.   *Id.* at 3.   Plaintiff indicated she had no monetary obligations, and she had no cash in banks, savings, financial institutions or other repositories.   *Id.* at 3-4.   In Plaintiff's since-filed Application to Proceed in District Court without Prepaying Fees or Costs, Plaintiff indicated she is unemployed, but also referenced "small company new."   Doc. 9 at 1.   Plaintiff stated she had no wages, but indicated she receives $200.00 per week from "one new

company." *Id.*   It is unclear if Plaintiff is indicating she is self-employed or receives money from a company by some other means.   *See generally id.*   Nevertheless, Plaintiff indicates she has $100.00 in cash or in checking or savings accounts, and that she has no car, real estate or other financial instrument.   *Id.* at 2.   Therefore, upon review of the Affidavit and Application, the Court recommends Plaintiff satisfies the requirement of indigency.

### III.   Sufficiency of the Complaint

Even if an application for leave to proceed *in forma pauperis* demonstrates sufficient economic eligibility on its face, the Court must proceed to determine the sufficiency of Plaintiffs' claims.   Under 28 U.S.C. § 1915, the Court shall dismiss an action if the action is deemed frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2).

A complaint is deemed frivolous if the Court finds it lacks arguable basis in law or fact.   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   The Eleventh Circuit has deemed a lawsuit frivolous when the plaintiff's "realistic chances of ultimate success are slight."   *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990).   The Supreme Court has affirmed "the frivolousness standard, authorizing *sua sponte* dismissal of an *in forma pauperis* complaint 'only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief,' is a 'more lenient' standard than that of Rule 12(b)(6)."   *Neitzke*, 490 U.S. at 322-23 (citation omitted).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations and citation omitted). Instead, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

Rule 8 requires a pleading set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures the defendant is given fair notice of what the claim is and the grounds upon which it rests. *See Twombly*, 550 U.S. at 561-63. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Although the Court holds *pro se* complaints to a less stringent standard than pleadings drafted by attorneys, a *pro se* litigant still is bound to follow the pleading

requirements set forth in the Federal Rules of Civil Procedure. *See Goldsmith v. City of Atmore*, 996 F.2d 1155, 1161 (11th Cir. 1993); *Ortiz v. Degrees*, No. 210-cv-278-FtM-29SPC, 2010 WL 2889773, at *1 (M.D. Fla. June 28, 2010).

　　a. *Form of the Complaint*

　　As an initial matter, Plaintiff has not followed the Federal Rules of Civil Procedure with regard to the form of her pleading. Pursuant to Rule 10, "[e]very pleading must have a caption with the court's name, a title, a file number, and a . . . designation [of the type of pleading]." Fed. R. Civ. Pro. 10(a). Here, the Complaint does not indicate anywhere that it is, in fact, a complaint. *See* Doc. 1.

　　Further, Plaintiff is required to state her claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. Pro. 10(b). Here, the Complaint does not separate each cause of action or claim for relief into a different count—there are no counts, and Plaintiff's causes of action are unclear. *See Yeyille v. Miami Dade Cty. Pub. Sch.*, 643 F. App'x 882, 884 (11th Cir. 2016). The Complaint is merely divided into an "Introduction" section and a "Parties" section. Doc. 1. Plaintiff references the Florida Consumer Collection Practices Act ("FCCPA") and Fair Debt Collection Practices Act ("FDCPA") in her "Introduction" and also references the "Consumer Protection Act"[3] in her "Parties" section. *Id.* at 1; ¶¶ 10-12. Plaintiff does not state

---

　　[3] Because there are multiple federal and state consumer protection statutes, it is unclear to the Court what specific law the Plaintiff is referencing when she cites the "Consumer Protection Act."

causes of action under these statutes, however, let alone separate the alleged facts into counts. *See generally id.* Therefore, the Court recommends the form of Plaintiff's Complaint is insufficient under the Federal Rules of Civil Procedure.

### b. Plaintiff's Allegations in the Complaint

The Court also recommends Plaintiff's Complaint does not allege sufficient facts to state a claim. Although the allegations imply the underlying issues may involve debt collection and damage to her vehicle, they are too conclusory and vague to provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. To satisfy Rule 8, the Complaint must state factual allegations that are more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (citation omitted). Further, the facts pled here are "not obviously connected to any particular cause of action" because it unclear how any of the facts alleged are relevant to the FDCPA, the FCCPA, or the "Consumer Protection Act." *See Yeyille*, 643 F. App'x at 884; *Weiland v. Palm Beach Co. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015); *see also* Doc. 1 at 1; ¶¶ 10-12.

The Court recommends the Complaint equally lacks plausible legal claims. Although the Complaint claims "it" violated the FDCPA and makes references to the "Consumer Protection Act" and the FCCPA, it does not specify what provisions were allegedly violated and by whom. Doc. 1 ¶¶ 8, 10-11. Plaintiff's references to various statutes' general names, without more, does not identify the legal basis of her claim or establish a nexus between the laws violated and the facts alleged. Without

citation to any specific rule of law, or any connection between the facts Plaintiff alleges and specific statutory provisions the Defendants allegedly violated, Plaintiff's pleading represents "an unadorned, the-defendant-unlawfully-harmed-me accusation" prohibited by Rule 8. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The Complaint's "failure to link factual allegations to specific counts makes it a quintessential shotgun pleading. As such, it does not comply with Rule 8(a)[.]" *See Frantz v. Walled*, 513 F. App'x 815, 820 (11th Cir. 2013).

The Court recommends the Complaint's failure to link claims and facts to *specific defendants* further supports that it constitutes an impermissible shotgun pleading. *See Yeyille*, 643 F. App'x at 884. Plaintiff's Complaint appears to designate three defendants in the caption—Santander, Professional Bureau of Collections of Maryland, Inc. and NCB Management Services, Inc.—but Plaintiff only references Santander in her Civil Cover Sheet and in the substance of her Complaint. *See* Docs. 1, 1-1. Also, some of Plaintiff's factual allegations are not made against any particular defendant, so it is unclear what the cause of action is intended to be and against whom. *See generally* Doc. 1. For example, the references to Plaintiff's car repossession and damage to her vehicle do not indicate Plaintiff's cause of action regarding these claims or name an allegedly liable defendant. *See* Doc. 1 ¶¶ 13-16; *see also Yeyille*, 643 F. App'x at 884.

"To state a claim under the FDCPA, a plaintiff must allege (1) [s]he has been the object of collection activity arising from consumer debt; (2) the defendant is a FDCPA debt collector; and (3) the defendant engaged in FDCPA prohibited act or

omission." *Aluia v. Dyck-O'Neal, Inc.*, No. 2:15-cv-81-FtM-38DNF, 2015 WL 3719368, at *3 (M.D. Fla. June 15, 2015). The same requirements apply to a FCCPA claim. *Id.* As it is currently drafted, the Complaint does not "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *See Aware Woman Ctr. for Choice, Inc.*, 253 F.3d at 683-84 (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A, 1981)). Accordingly, the Court recommends that Plaintiff's Complaint fails to allege a cause of action under the FDCPA or FCCPA upon which relief could be granted.

### c. *Subject matter jurisdiction*

In her Civil Cover Sheet, Plaintiff failed to identify a basis of jurisdiction. *See* Doc. 1-1. By apparently attempting to bring a claim under the FDCPA, Plaintiff presumably seeks to invoke federal question jurisdiction, which exists when actions arise under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. However, the Court recommends the Complaint does not sufficiently establish the Court's federal question jurisdiction. Doc. 1. "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "[T]he district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States." *Bell v. Hood*, 327 U.S. 678, 681 (1946). Plaintiff, as the party invoking the Court's jurisdiction, "bears the burden of proving, by a preponderance of the evidence, facts

supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Claims not subject to federal jurisdiction must be dismissed. *See Ex Parte McCardle*, 74 U.S. 506, 514 (1868) (declaring that "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

The United States Supreme Court has stated, "where the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions . . . must entertain the suit." *Bell*, 327 U.S. at 681-82. Those exceptions are where (1) "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction," or (2) the "claim is wholly insubstantial and frivolous." *Id.* at 682. These two exceptions apply when "the claim has no plausible foundation or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1353 (11th Cir. 1998).

Here, it is unclear whether Plaintiff's allegations have any plausible foundation under the FDCPA. *See* Doc. 1. As noted, the Court recommends the Complaint does not plead sufficient facts to support a cause of action under the FDCPA or a nexus between Defendants' alleged misconduct and the federal law at issue. *See id*. If the Complaint lacks a plausible foundation for Plaintiff's claims, the Court may not have subject matter jurisdiction to entertain these claims. *See*

*Blue Cross & Blue Shield of Ala.*, 138 F.3d at 1353.   As such, the Court recommends Plaintiff failed to sufficiently demonstrate this Court's subject matter jurisdiction.

ACCORDINGLY, it is respectfully

**RECOMMENED:**

1.    Plaintiff Enid Y. Perez Rivera's Affidavit of Indigency (Doc. 2), construed as a Motion to Proceed *In Forma Pauperis*, be **DENIED;**

2.    Plaintiff Enid Y. Perez Rivera's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 9), construed as a Motion to Proceed *In Forma Pauperis*, be **DENIED**; and

3.    This action be **DISMISSED without prejudice**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 6th day of September, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

- 11 -